Kenneth M. Harrell, Esq.
**LEVINSON AXELROD, P.A.**
Levinson Plaza
2 Lincoln Highway
P.O. Box 2905
Edison, NJ 08818-2905
(732) 494-2727
**Attorneys for Plaintiff, Michelle Black Administratrix of the Estate of James J. Walsh**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHELLE BLACK, Administratix of THE ESTATE OF JAMES J. WALSH,<br><br>Plaintiff(s)<br><br>vs.<br><br>THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, and JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations).<br><br>Defendant(s) | : : : : : : : : : : : : : : : : : : : | Civil Action No.:<br><br><br>Civil Action<br><br><br><br>**COMPLAINT, AND JURY DEMAND** |

The plaintiff, Michelle Black, Administratix of the Estate of James J. Walsh, deceased, residing at 3325 Rebere Road, County of Middlesex, State of New Jersey, complaining of the defendants, says:

**JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over this matter pursuant to 28 U.S.C. 1331 as the within claim is brought pursuant to 42 U.S.C.A. 1983.

2. This Court has jurisdiction over all other claims pursuant to 28 U.S.C. 1367, as all other claims are related to the within matter such that they are part of the same claim and/or controversy.

3. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (b) in that all events that are the subject matter of this complaint took place within New Jersey.

## FIRST COUNT

4. Upon information and belief, the defendant **THE TOWNSHIP OF SOUTH ORANGE** is a municipal entity with its principal place of business located at Village Hall, 101 South Orange Avenue, South Orange, New Jersey 07079.

5. Upon information and belief, the defendant **THE TOWNSHIP OF SOUTH ORANGE POLICE DEPARTMENT**, is a department operated under the jurisdiction of the defendant **THE TOWNSHIP OF SOUTH ORANGE** within an apportionment of the Township's operating budget with its principal place of business at 201 South Orange Avenue, South Orange, New Jersey 07079.

6. Upon information and belief, the defendant **THE CITY OF ORANGE** is a municipal entity with its principal place of business located at City Hall, 29 N. Day Street, Orange, New Jersey 07079.

7. Upon information and belief, the defendant **THE CITY OF ORANGE POLICE DEPARTMENT**, is a department operated under the jurisdiction of the defendant **THE CITY OF ORANGE** within an apportionment of the City's operating budget with its principal place of business at 29 Park Street, Orange, New Jersey 07079.

8. The plaintiff, **MICHELLE BLACK** was appointed Administratix of the Estate of James J. Walsh who died on February 9th, 2009, by the Surrogate of Middlesex County.

9. Plaintiff herein states that on or about the February 9th, 2009, the decedent, James J. Walsh was a pedestrian in the Township of South Orange.

10. On that date, **Frank Bradley** was the driver of a Honda Civic, license plate number WGH13X.

11. On that date, the Honda Civic, license plate number WGH13X was owned by **Tamiya O. Eure.**

12. On that date, at approximately 8:15 pm, **Frank Bradley** was traveling westbound on South Orange Ave., in South Orange, County of Essex and State of New Jersey.

13. At the time and place aforesaid, **Frank Bradley** was being pursued by vehicles operated and/or owned by the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individual police officers involved in the chase); DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area)** for running a red light in the City of Orange.

14. Said pursuit by the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individual police officers involved in the chase); DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area)** was performed in

such a willful wanton manner so as to cause **Frank Bradley's** motor vehicle to strike **James J. Walsh**.

15. At the time and place aforesaid, the actions of the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individual police officers involved in the chase); DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area)** were so willful and waton so as to constitute willful misconduct and a willful wanton disregard of the safety of **JAMES J. WALSH**, that said collision resulting is severe injury eventually leading to the death of **JAMES J. WALSH.**

16. As a direct and proximate consequence of this willful wanton disregard of plaintiff's safety and willful misconduct by the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area),** the decedent James J. Walsh did sustain conscious pain and suffering and the Estate is entitled to pursue a remedy for damages under the New Jersey Survivorship Statute.

17. As a direct and proximate consequence of this willful wanton disregard of plaintiff's safety and willful misconduct by the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE**

**CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area),** plaintiff, Michele Black and the Estate were caused to sustain pecuniary losses and are entitled to pursue a remedy for compensatory damages under New Jersey's Wrongful Death Act.

**WHEREFORE,** the plaintiff, Michele Black, as Administratrix of the Estate of James J. Walsh, demands judgment against the defendants **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area)**, jointly and severally or in the alternative, for compensatory damages, non-economic damages, interest, punitive damages, attorneys fees, costs of suit and other damages that the Court may deem just and proper

## SECOND COUNT

18. The plaintiff, **MICHELLE BLACK**, as Adminstratrix of the Estate of **JAMES J. WALSH,** repeats the allegations contained in the First Count as if the same were more fully set forth herein and made a part hereof.

19. The defendants actions in the pursuit of **FRANK BRADLEY** occurred while acting under color of state law and the decision to pursue and the manner of the pursuit amounts to an abuse of power that shocks the conscience and violates the plaintiff, **THE ESTAET OF**

**JAMES J. WALSH'S,** Substantive Due Process Rights under the Fourteenth Amendment to the United States Constitution thus giving rise to a claim under 42 U.S.C. §1983 and is in violation of the Attorney General's guidelines.

20. As a direct and proximate consequence of this violation of plaintiff's Constitutional rights, by the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area),** the decedent James J. Walsh did sustain conscious pain and suffering and the Estate is entitled to pursue a remedy for damages under the New Jersey Survivorship Statute.

21. As a direct and proximate consequence of this violation of plaintiff's Constitutional rights, by the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area),** plaintiff, Michele Black and the Estate were caused to sustain pecuniary losses and are entitled to pursue a remedy for compensatory damages under New Jersey's Wrongful Death Act.

**WHEREFORE,** the plaintiff, Michele Black, as Administratrix of the Estate of James J. Walsh, demands judgment against the defendants **THE TOWNSHIP OF SOUTH ORANGE,**

**THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area)**, jointly and severally or in the alternative, for compensatory damages, non-economic damages, interest, punitive damages, attorneys fees, costs of suit and other damages that the Court may deem just and proper

### THIRD COUNT

22. The plaintiff, **MICHELLE BLACK, AS ADMINISTRATRIX OF THE ESTATE OF JAMES J. WALSH**, repeats the allegations contained in the First and Second Counts as if the same were more fully set forth herein and made a part hereof.

23. At all times and places mentioned herein, it was the custom, policy and practice of the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, and JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations)** to allow pursuits under the aforementioned circumstances, which led to a violation of plaintiff's Substantive Due Process Rights under the Fourteenth Amendment to the Constitution, thus giving rise to a claim under 42 U.S.C. 1983 and 1986.

24. As a direct and proximate consequence of this custom, policy and practice on the part of the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE**

**POLICE DEPARTMENT, and JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations)** the decedent James J. Walsh did sustain conscious pain and suffering and the Estate is entitled to pursue a remedy for damages under the New Jersey Survivorship Statute.

25. As a direct and proximate consequence of this negligence, gross negligence, willful misconduct and a willful and wanton disregard of the safety of the plaintiffs, on the part of the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area),** plaintiff, Michele Black and the Estate were caused to sustain pecuniary losses and are entitled to pursue a remedy for compensatory damages under New Jersey's Wrongful Death Act.

**WHEREFORE,** the plaintiff, Michele Black, as Administratrix of the Estate of James J. Walsh, demands judgment against the defendants **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area)**, jointly and severally or in the alternative, for compensatory damages, non-economic damages, interest,

punitive damages, attorneys fees, costs of suit and other damages that the Court may deem just and proper

## FOURTH COUNT

26. The plaintiff, **MICHELLE BLACK, AS ADMINISTRATRIX OF THE ESTATE OF JAMES J. WALSH**, repeats the allegations contained in the First through Third Counts as if the same were more fully set forth herein and made a part hereof.

27. The Defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area)**, owed a duty to the plaintiff to adequately hire, train and supervise their police officers to ensure that their police officers properly engaged in police pursuits under the appropriate circumstances.

28. The Defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area)**, failure to exercise reasonable care in hiring, training and supervising their police officers involved in this pursuit violated plaintiff's constitutional rights under the United States Constitution and 42 USC 1983 and 1986.

29. As a direct and proximate consequence of this failure to exercise reasonable care in the hiring, training and supervising of their police officers engaged in this pursuit, by the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, and JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations)** the decedent James J. Walsh did sustain conscious pain and suffering and the Estate is entitled to pursue a remedy for damages under the New Jersey Survivorship Statute.

30. As a direct and proximate consequence of this failure to exercise reasonable care in the hiring, training and supervising of their police officers engaged in this pursuit, by the defendants, **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area),** plaintiff, Michele Black and the Estate were caused to sustain pecuniary losses and are entitled to pursue a remedy for compensatory damages under New Jersey's Wrongful Death Act.

**WHEREFORE,** the plaintiff, Michele Black, as Administratrix of the Estate of James J. Walsh, demands judgment against the defendants **THE TOWNSHIP OF SOUTH ORANGE, THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10**

**(representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area)**, jointly and severally or in the alternative, for compensatory damages, non-economic damages, interest, punitive damages, attorneys fees, costs of suit and other damages that the Court may deem just and proper

## FIFTH COUNT

31. The plaintiff, **MICHELLE BLACK, AS ADMINISTRATRIX OF THE ESTATE OF JAMES J. WALSH**, repeats the allegations contained in the First through Fourth Counts as if the same were more fully set forth herein and made a part hereof.

32. Defendants **JOHN DOES 1-10, DAVID DOES 1-10, and ABC CORPS 1-10** said names being fictitious representing unknown identities of such other police officers, individuals, supervisors, managers, supervisors of personnel, agents, contractors, subcontractors, servants, brokers and employees of the Defendants The Township of South Orange, The Township of South Orange Police Department, The City of Orange, and The City of Orange Police Department, whose actions may have caused or contributed to the injuries and eventual death of **JAMES J. WALSH** as a result of the aforementioned police pursuit.

33. At such time as the identities of these fictitiously pleaded tortfeasors are ascertained, the plaintiff shall seek to amend the complaint so as to substitute the actual identities of these entities. Plaintiff attributes each and every act of negligence alleged against the named Defendants hereto to those fictitiously pleaded as if they were more specifically set forth in their entirety.

**WHEREFORE,** the plaintiff, Michele Black, as Administratrix of the Estate of James J. Walsh, demands judgment against the defendants **THE TOWNSHIP OF SOUTH ORANGE,**

**THE TOWSHIP OF SOUTH ORANGE POLICE DEPARTMENT, THE CITY OF ORANGE and THE CITY OF ORANGE POLICE DEPARTMENT, JOHN DOES 1-10 (representing presently unidentified individuals, businesses, and/or corporations) DAVID DOES 1-10 (representing presently unidentified individual's in the area); and ABC CORPS 1-10 (representing businesses, and/or corporations operating in the area)**, jointly and severally or in the alternative, for compensatory damages, non-economic damages, interest, punitive damages, attorneys fees, costs of suit and other damages that the Court may deem just and proper

## CERTIFICATION

**I, KENNETH M. HARRELL, ESQ.** of full age, do hereby certify:

1. I am an attorney at law of the State of New Jersey, and I am an associate with the law firm of Levinson Axelrod, P.A. attorneys for the plaintiffs in the above-captioned matter.

2. To the best of my knowledge, information and belief there is one other action pending about the subject matter of this Complaint in Middlesex County Superior Court under the caption and docket number of Michele Black, Administratrix of the Estate of James J. Walsh v. Frank Bradley, Tamiya Eure, MID-L-8607-10.

3. Said matter is settled and awaiting a distribution order from the Honorable Joseph Rea.

## JURY DEMAND

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 38B, plaintiff demands a trial by jury.

## TRIAL COUNSEL DESIGNATION

Please be advised that Kenneth M. Harrell, Esq. is designated as trial counsel for the plaintiff in the above entitled action.

        **LEVINSON AXELROD, P.A.**
        Attorneys for Plaintiffs

        *s/ Kenneth M. Harrell*
        _____
        KENNETH M. HARRELL, ESQ.

DATED: February 8, 2011